UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF RHODE ISLAND

Edson Toro PLAINTIFF

VS
Defendant
STATE of Rhode ISLAND,
Supremecourt/Superior court
Ashbel T. Wall Director of the Dept of corrections., Defendant
JAne and John Doe.

CA 08-64 S

## Jurisdiction and venue

The UNITED STATES DISTRICT court has jurisdiction over the within Action pursuant to 28 U.S.C §§ 1331 and 1343 (3) (4). The matters in controversy Arise under 42 U.S.C § 1983.

Venue properly lies in the District of Rhode ISLAND pursuant to 28 U.S.C § 1391 (b)(2) as the events giving rise to the within cause of Action occurred at the Rhode ISLAND Superior court

## Parties

1) PLAINTIFF Edson Toro (hereinafter Toro) is and was at all times relevant hereto, a prisoner in the custody of the Rhode ISLAND Department of Corrections (hereinafter "DOC")

2) Defendant STATE of Rhode ISLAND is and was at all times the incorporation STATE in which the plaintiff Resides.

3) Defendant Superior court is and was at all times the branch of the government of the incorporation State of Rhode ISLAND in which plaintiff Resides

4) Defendant Ashbel T. Wall (herein after Wall) is the Director of the Department of corrections.

5) Defendant Jane Doe/John Doe is and was at all times a critical party to the within Action yet to be identified

STATEMENT OF CLAIM

At all times relevant hereto, said above-named Defendants were "persons" for purposes of 42 U.S.C § 1983 and acted under color of Law to deprive Plaintiff of his Constitutional Rights as set forth below:

1) Defendant STATE of Rhode Island had a duty to protect Plaintiff a citizen Residing in said incorporation state from having His Rights violated and enforcing the constitution

2) Defendant Superior Court in its position as a branch of incorporation state of Rhode Island judicial branch had a duty to protect plaintiff a citizen from having his Rights violated and enforcing the constitution

3) Defendant WAll in his position AS Director of the Rhode Island Dept of corrections had a duty to protect the Plaintiff and others of like kind, including to make sure illegal incarcerated persons are not in his custody

4) Defendant Jane Doe/John Doe as an agent of the incorporation state of Rhode Island had duty to not violate the Rights of the plaintiff, and to make sure Plaintiff Toro was not wrongfully convicted, and denying Toro Assertive defense of self defense and Jury Trial. In that the jury wasn't allowed to accept self-defense.

COUNT I

Plaintiff Toro hereby claims that the Defendants violated the U.S. Constitution, Fifth Amendment, Due process Clause which prohibits the state or Federal government from unfairly or Arbitrarily depriving an individual of Life, liberty or property

COUNT II

PLAINTIFF TORO hereby claims that the Defendants violated the U.S. Constitution, Eighth Amendment, Cruel and unusual Punishment Clause which prohibits punishment which is tortuous, degrading and/or grossly disproportionate to the crime in question or otherwise shocking to the moral sense of the community.

COUNT III

PLAINTIFF TORO hereby claims that the Defendants violated the U.S. Constitution, Fourteenth Amendment, Right to Due process Clause which prohibits a state from enacting or enforcing any law which shall abridge the priviledges and/or immunities afforded to Any U.S. citizens, nor shall any state deprive any person of life, liberty or property without due process of law, nor deny Any person within its jurisdiction the equal protection of the laws.

STATEMENT of FACTS

1) ON OR about July 14, 1994 ON CASE NO P2-93-0837A in the Providence Superior court, the Honorable Judge John Sheehan presided over trial of the plaintiff TORO and Refused to allow TORO to put forth the Affirmative defense of self-defense to the jury. Judge Sheehan Not only Refused to instruct the jury on the plaintiffs Affirmative defense, but also during his instruction he invaded the province of the jury and gave a directed verdict of guilty to the jury to sign off on.

2) ON OR About September 13, 1994 Judge Sheehan sentenced the plaintiff TORO to fifteen years (15) with TEN (10) years to serve, with five years suspended with five years probation.

3) ON OR about November 4, 1996 the Supreme Court for the incorporation state of Rhode Island handed down their decision in STATE VS. TORO 684 A.2d. 1147 Denying Toro's Appeal and ignoring the issue of affirmative defense of self defense, deeming it waived Though Rights of constitutional important cannot be waived perse and must be Reviewed on Appeal.

4) ON OR about september 27, 2002 the First circuit court of Appeals for the UNITED STATES of America IN CA NO 01-2478 TORO VS WALL issued a decision directing the District Court for Rhode Island to Review Toro's case and to MAKE a Specific determination (1) conduct an evidentiary hearing with respect to what transpired at the charge conference in the original trial (2) MAKE the necessary findings as to whether the petitioner's trial Attorney was misled by the trial justice (3) MAKE such other findings and conclusions, and consider such other issues,,,,

5) ON OR about April 29, 2003 the Honorable Chief Presiding Judge Rodgers of the superior court Judge Rodgers entered a judgment ORdering the judgment and conviction on CA NO P2-93-0837A be vacated After the Attorney General conceded a violation of the constitution.

6) ON OR about February 09, 2005, the Supreme court IN CA NO P2-1993-0837A decided in Toro's favor.

7) It is a fact that Toro served 8 years 6 months and 15 days in completion of the Sentence thereof From 4-16-1993 to 7-31-2001.

8) It is a fact that the Attorney Generals office via its agent Stephen N. Regine has conceded that Toro was exonerated for this crime.

9) It is a fact that Toro served the above time 8 years 6 months and 15 days pursuant to a wrongful conviction making Toro a wrongfully convicted person.

Wherefore plaintiff Requests this Honorable Court to grant the following Relief:

## Damages

1) Plaintiff Toro seeks to be paid the amount of One million two hundred forty six thousand (\$1,246,000) in legal tender pursuant to the United States Constitution Article 1 section 10 in either Gold or Silver. For punitive damages

2) Plaintiff Toro seeks to be paid the amount of Three hundred and Eighty six thousand (\$386,000) in legal tender pursuant to the United States Constitution Article 1 section 10 in either Gold or Silver. For compensatory damages

Grant such other relief as it may appear plaintiff is entitled or this court deems necessary.

Respectfully submitted,

Elson Toro

## Certification of Verification

I the undersigned do hereby swear that the above stated facts are both True and correct, based upon my personal Knowledge.

Elson Toro

Signature of plaintiff