**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDSON TORO,**
**Plaintiff,**

**v.** **C.A. No. 08-064 S**

**STATE OF RHODE ISLAND,**
**SUPERIOR COURT;**
**ASHBEL T. WALL, Director of the**
**Department of Corrections;**
**JOHN AND JANE DOE**
**Defendants.**

## MOTION TO DISMISS

Now comes the Defendant, State of Rhode Island, Superior Court ("Superior Court" or "Defendant") and, pursuant to Rule 12 (b)(6) of the Federal Court Rules of Civil Procedure, hereby moves to dismiss the Complaint in this civil action filed by the *pro se* Plaintiff, Edson Toro ("Plaintiff" or "Toro"), for failure to state a claim upon which relief can be granted. In support, the Superior Court submits the accompanying Memorandum of Law.

WHEREFORE, the State respectfully requests that this Motion to Dismiss be granted.

Respectfully submitted,

DEFENDANT
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Thomas A. Palombo

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

## CERTIFICATION

I hereby certify that I mailed a true copy of this Motion to Dismiss by First Class U.S. Mail, postage prepaid, on this 19th day of May, 2008, to **Edson Toro,** ***pro se***, Department of Corrections, High Security Center, P.O. Box 8200, Cranston, RI 02920.

/s/ Thomas A. Palombo

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDSON TORO,**
**Plaintiff,**

**vi.** **C.A. No. 08-064 S**

**STATE OF RHODE ISLAND,**
**SUPERIOR COURT;**
**ASHBEL T. WALL, Director of the**
**Department of Corrections;**
**JOHN AND JANE DOE**
**Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Defendant, State of Rhode Island, Superior Court ("Superior Court" or "Defendant"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Court Rules of Civil Procedure. For the reasons set forth, the Superior Court asserts that the Complaint in this civil action filed by the *pro se* Plaintiff, Edson Toro ("Plaintiff" or "Toro"), should be dismissed for failure to state a claim upon which relief can be granted.

## II. PLAINTIFF TORO'S COMPLAINT

Plaintiff Toro's Complaint ('Cpt."), fairly read and liberally construed alleges as follows:

1. "On or about July 14, 1994 on Case No. P2-93-0837A in the Providence Superior Court, the Honorable Jude John Sheehan presided over trial of the Plaintiff Toro and refused to allow Toro to put forth the affirmative defense of self-defense to the jury. Judge Sheehan not only refused to instruct the jury on the Plaintiff's affirmative defense, but also during his instruction he invaded the province of the jury and gave a directed verdict of guilty the jury to sign off on." Cpt., Statement of Facts ("SOF"), Para. 1.

2. "On or about September 13, 1994 Judge Sheehan sentenced the Plaintiff Toro to fifteen years (15) with ten (10) years to serve, with five years suspended with five years probation." Cpt., SOF, Para. 2.
3. "On or about November 4, 1996 the Supreme Court for the incorporation State of Rhode Island handed down their decision in State vs. Toro 684 A.2d 1147 denying Toro's appeal and ignoring the issue of affirmative defense of self-defense, deeming it waived though rights of constitutional important cannot be waived per se and must be reviewed on appeal." Cpt., SOF, Para. 3.
4. "On or about September 27, 2002, the First Circuit Court of Appeals for the United States of America in C.A. No. 01-2478 Toro v. Wall issued a decision directing the District Court for Rhode Island to review Toro's case and to make a specific determination (1) conduct an evidentiary hearing with respect to what transpired at the charge conference in the original trial (2) make the necessary findings as to whether the petitioner's trial attorney was misled by the trial justice (3) make such other findings and conclusions, and consider such other issues." Cpt., SOF, Para. 4.
5. "On or about April 29, 2003 the Honorable Chief Presiding Judge Rodgers of the Superior Court Judge Rodgers entered a judgment ordering the judgment and conviction on C.A. No. P2-93-0837A be vacated after the Attorney General conceded a violation of the constitution." Cpt., SOF, Para. 5.
6. "On or about February 9, 2005, the Supreme Court in C.A. No. P2-1993-0837A decided in Toro's favor." Cpt., SOF, Para. 6.
7. "It is a fact that Toro served the term of 8 years 6 months and 15 days in completion of the sentence thereof from 4-16-1993 to 7-31-2001." Cpt., SOF, Para. 7.

8. "It is a fact that the Attorney General's Office via its agent Stephen N. Regine has conceded that Toro was exonerated for this crime." Cpt., SOF, Para. 8.
9. "It is a fact that Toro served the above time 8 years 6 months and 15 days pursuant to a wrongful conviction making Toro a wrongfully convicted person." Cpt., SOF, Para. 9.

Toro's Complaint asserts the following legal claims:

1. Count I - The unfair and arbitrary deprivation of his right to life, liberty and property under the U.S. Constitution's Fifth Amendment Due Process Clause;
2. Count II - The violation of the U.S. Constitution's Eighth Amendment Cruel and Unusual Punishment Clause by tortuous, degrading and disproportionate punishment; and
3. Count III - The abridgement of his privileges and immunities, the deprivation of his right to life, liberty and property and the violation of his right to due process and equal protection under the U.S. Constitution's Fourteenth Amendment.

Mindful that under the Rule 12 standard the Superior Court must accept the factual allegations in Toro's Complaint, as pled, the Superior Court strongly contests and disputes any and all legal claims and conclusions set forth in Toro's Statement of Facts, including but not limited to, the allegations that was exonerated, that he suffered a wrongful conviction, and as to the violation of his constitutional rights. See III. Judicial Notice of Plaintiff Toro's Criminal History and IV. Argument 4, below.

Toro requests punitive damages of $1.246 Million and compensatory damages of $386 Thousand, payable in gold or silver. Cpt., Damages, page 5.

## III. JUDICIAL NOTICE OF PLAINTIFF TORO'S CRIMINAL HISTORY

Toro's Complaint states the term of alleged unconstitutional and wrongful conviction - 8 years, 6 months and 15 days, from April 16, 1993 to July 31, 2001. Cpt., SPF, Para. 7 and 9. Defendant, Superior Court, respectfully requests that this Honorable Court take judicial notice of Toro's criminal history during this relevant time frame as evidenced by certified copies of the Superior Court Criminal Docket Sheet Reports:

- **Superior Court, Providence County – P2-97-3049A -** Murder I – 28-year sentence imposed November 7, 2005, retroactive to June 16, 1997. See Exhibit A – Certified copy of Superior Court Criminal Docket Sheet Report.

This evidences the fact that Toro was lawfully incarcerated from June 16, 1997 to the present. (Toro is still serving this sentence.)

- **Superior Court, Providence County – P2-97-1639A -** Felony Assault – 5-year sentence imposed May 7, 1997, retroactive to September 19, 1995. See Exhibit B – Certified copy of Superior Court Criminal Docket Sheet Report.

This evidences the fact that Toro was lawfully incarcerated from September 15, 1995 to March 3, 2000 when he "flattened" on that 5-year sentence.

- **Superior Court, Providence County – P2-93-3078A –** Possession of Cocaine – 3-year sentence imposed May 1, 1996, to be served consecutive with P2-93-0837A. See Exhibit C – Certified copy of Superior Court Criminal Docket Sheet Report. See also Exhibits D and E, below. In addition, at the time of this criminal charge, Toro was out on bail on criminal charges of Assault with Intent to Commit Robbery (P2-93-0305A) and Assault with Intent to Commit Murder (P2-93-0837A). This new charge caused an August 6, 1993, violation of his bail on these two pending charges. See Exhibits D and E, below.

This evidences the fact that Toro was lawfully incarcerated from August 6, 1993 and for approximately the next three (3) years, to and including the September 19, 1995 date when, as stated above, his sentence in P2-97-1639A commenced.

- **Superior Court, Providence County – P2-93-0837A –** Assault with Intent to Commit Murder – This is the criminal charge that was ultimately vacated. See Exhibit D – Certified copy of Superior Court Criminal Docket Sheet Report.
- **Superior Court, Providence County – P2-93-0305A –** Assault with Intent to Commit Robbery – 3-year sentence imposed May 1, 1996. On August 6, 1993, because of the new criminal charge of Possession of Cocaine (P2-93-3078A), Toro was held for violation of bail on this pending, Assault with Intent to Commit Robbery charge. See Exhibit E – Certified copy of Superior Court Criminal Docket Sheet Report.

This evidences the fact that Toro was lawfully incarcerated from August 6, 1993 and for approximately the next three (3) years, to and including the September 19, 1995 date when, as stated above, his sentence in P2-97-1639A commenced.

Toro was not incarcerated, as he alleges, from April 1993 to August 5, 1993. See Exhibit F – Affidavit of R.I. Department of Corrections, Records and Identification, Captain Frederick W. Haibon, Jr., attaching a copy of Toro's inmate event record or "rap sheet."

Respectfully, in support of Argument 4 below, the Superior Court asks this Honorable Court to take judicial notice of Toro's criminal history during the relevant time frame as evidenced by Exhibits A-F. Given Arguments 1-3 below, however, the Superior Court submits that the Court need not reach Argument 4, because Toro's civil action is barred by the statute of limitations, because the Superior Court enjoys absolute judicial immunity and because Toro has no viable claim for monetary damages.

## IV. ARGUMENT

### 1. The Applicable Statute of Limitations Bars Toro's Complaint.

The very words of Toro's Complaint set forth the term of his "wrongful conviction" - 8 years, 6 months and 15 days, from April 16, 1993 to July 31, 2001. Cpt., SPF, Para. 7 and 9. In addition, Toro's Complaint alleges that the R.I. Supreme Court ruled in his favor on February 9, 2005. Cpt., SPF, Para. 6. Accordingly, on July 31, 2001 when his "wrongful conviction" ended, Toro knew, or should have known, that he had the constitutional claims that he attempts to assert in this Complaint filed on February 25, 2008. In the alternative, when the R.I. Supreme Court ruled in his favor on February 9, 2005, Toro knew, or should have known, that he had these alleged constitutional claims. Despite these operative dates, as pled, Toro filed the instant Complaint on February 25, 2008.

Toro's Complaint is an action brought under 42 U.S.C. Section 1983 alleging deprivation of his constitutional rights. Thus, the applicable statute of limitations is three (3) years. See R.I. Gen. Laws § 9-1-14, Wilson v. Garcia, 471 U.S. 261, 280 (1995) and Walden III, Inc. v. Rhode Island, 442 F. Supp. 1168 (D.R.I. 1977), affirmed, 576 F.2d 945 (1st Cir. 1978).

Accordingly, based on the facts and dates as set forth in Toro's Complaint, this 2008 civil action was filed beyond the governing statute of limitations. Therefore, this Honorable Court should grant the Superior Court's Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).

### 2. The Superior Court Enjoys Judicial Immunity From Toro's Civil Action.

Toro's case caption names the "State of Rhode Island, Superior Court" and the body of his Complaint alleges that "Judge John Sheehan presided over the trial of the plaintiff Toro… ." SOF, Para. 1. Toro avers that the Judge "refused to allow Toro to put forth the affirmative defense of self-defense to the jury. … [and] gave a directed verdict of guilty to the jury to sign

off on." Id. Toro goes on to allege that the R.I. Supreme Court "den[ied] Toro's appeal and ignor[ed] the issue of affirmative defense of self-defense deeming it waived… ." SOF, Para. 3. Toro further alleges that the U.S. Court of Appeals for the First Circuit directed review of his criminal case and, thereafter, Presiding Judge Rodgers of the Superior Court vacated his conviction. SOF, Para. 4 and 5.

A judge has "absolute immunity" from suit for money damages in a civil action for alleged acts or omissions taken in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11-12 (1991) and Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). As the First Circuit has ruled: "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). In addition, our Federal appellate court has held that absolute judicial immunity applies even where a judge acts in excess of his authority or disregards elementary principles of procedural due process. Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21 (1st Cir.1988). Given that Toro's Complaint expressly alleges that Judge Sheehan's acts and/or omissions caused the averred constitutional deprivation, absolute judicial immunity clearly applies to the instant civil action.

For these reasons, the Superior Court enjoys judicial immunity from Toro's suit. Therefore, this Honorable Court should grant the Superior Court's Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).

**3. Toro Cannot Sue The Superior Court For Monetary Damages.**

Toro purports to sue the State of Rhode Island, Superior Court, for compensatory and punitive damages. However, as the U.S. Supreme Court clearly ruled in Will v. Michigan, 491 U.S. 58, 71 (1989), a state cannot be sued for money damages. ("We hold that neither a State

nor its officials acting in their official capacities are persons under §1983.") The High Court considered the legislative history and debate surrounding the passage of Section 1983 and reasoned that Congress did not intend the word "person" to include States of the Union or to subject the States, themselves, to liability. Will, 491 U.S. at 68-69. Therefore, this Honorable Court should grant the Superior Court's Motion to Dismiss should be pursuant to Fed. R. Civ. P. Rule 12(b)(6).

**4. Toro Was Never Unconstitutionally Incarcerated.**

Toro alleges an unconstitutional, wrongful conviction of 8 years, 6 months and 15 days, from 4-16-1993 to 7-31-2001. Cpt., SOF, Para. 7. As set forth in detail in Section III. above, Toro was never unconstitutionally incarcerated. Should it be necessary to reach this argument, the Superior Court respectfully requests that the Court take judicial notice of Exhibits A-E, Certified copies of Superior Court Criminal Docket Sheet Reports, and Exhibit F – Affidavit of R.I. Department of Corrections, Records and Identification, Captain Frederick W. Haibon, Jr., attaching a copy of Toro's inmate event record or "rap sheet."

Therefore, this Honorable Court should grant the Superior Court's Motion to Dismiss should be pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## V. CONCLUSION

For the reasons set forth herein, Defendant, State of Rhode Island, Superior Court, respectfully request that the Honorable Court grant this Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Court Rules of Civil Procedure.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Thomas A. Palombo
______________________________

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

**CERTIFICATION**

I hereby certify that I mailed a true copy of this Memorandum of Law in Support of Motion to Dismiss by First Class U.S. Mail, postage prepaid, on this 19th day of May, 2008, to **Edson Toro, *pro se***, Department of Corrections, High Security Center, P.O. Box 8200, Cranston, RI 02920.

/s/ Thomas A. Palombo