UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

DISTRICT COURT OF R.I.
SIXTH DIVISION
FILED

APR 2 4 2008

LORRAINE A. ALFONSO
CLERK

Edson Toro

v.

STATE of Rhode Island, etal

CA NO 08-064S

# PLAINTIFFS Supplemental objection TO Defendant A.T WALL'S MOTION TO DISMISS.

Now comes the plaintiff Edson Toro pro-se and hereby objects to the defendants motion to dismiss pursuant to Rule 12 of Federal Rules of civil procedure. And hereby Submitts a supplemental objection in Response thereof.

DATED 4-17-2008

Plaintiff
Edson Toro pro-se
P.O. BOX 8200
CRANSTON, R.I 02920

CERTIFICATION

I Edson Toro hereby certify that I mailed a True copy of the within MOTION and accompanying memorandum to the defendant A.T. WALL via his Attorney Michael B. Grant by mail on this 17 day of April 2008 to 40 HOWARD AVE CRANSTON, R.I 02920

Edson Toro

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDSON TORO
V.
STATE of Rhode ISLAND,
etal

CA NO 08-064S

"Supplemental Memorandum of THE PLAINTIFF"

PLAINTIFF EDSON TORO pro-se objects to the defendant A.T. WALL'S MOTION TO DISMISS For the Additional Reasons set forth herein;

1) The defendant A.T. WALL is just one defendant in the instant Action and does not have the ability for lack of standing to have said matter dismissed as to all other defendants if he prevails on a Respondeat Superior defense. In that situation the suit can only be dismissed against A.T. WALL not all other defendants who are Represented by Patrick C. Lynch.

2) STATUTE of Limitations

The defendant A.T. WALL by and through his Attorney Michael B. Grant seeks to have this suit dismissed for a time barred Action.

However the plaintiff submits that this is not the case.

The plaintiff had filed said suit on February 4, 2008, in the prison mail box handing it over to prison Authorities for mailing. The mailbox is not a public mail box of the U.S. Postal Service and is only controlled and maintained by prison personel. The mailing of all mail at the D.O.C/A.C.I is handled by prison officials.

The plaintiff therefore avails himself of the special pro-se Rule for litigants who file legal papers by mail. The U.S. Supreme Court in Houston v. Lack 487 U.S. 266, 273, 76, 108 Sct 2379 (1988) held that a pro-se prisoner's notice of appeal is deemed filed on the day it is delivered for mailing to prison Authorities, Rather than applying the usual Rule that it is filed the day it arrives in court. The Supreme Court Reasoned that the litigant loses control over the notice as soon as he turns it over to prison personel.

The lower court have generally applied this Rule to other litigation deadlines as well; in Garvey v. Vaughn 993 F.2d 776, 782-83 (11th cir 1993) civil Rights and Federal Tort Claims Act complaints.

The plaintiff has submitted an exhibit of Inmate Account Money Transfer slip dated 2-4-2008 and signed by Deputy Warden Donna Collins. Recieved by Inmate Accounts

for processing on 2-14-2008.

The plaintiff has shown good cause in that he complied with special pro-se litigant rule and that the delay was through no fault of his own. For purposes of the Rule the civil action was filed in time, thus there is no bar pursuant to said statute of limitations cited by the defendant A. T. Wall.

In addition the plaintiff objects to the statute cited 9-1-14 of R.I.G.L personal injury which doesn't necessarily apply to the plaintiff and there is a special exception for one who is under a disability such as the plaintiff. pursuant to 9-1-14.3 Limitation on Legal malpractice actions (1) One who is under disability by reason of age, mental incompetence, or otherwise, and on whose behalf no action is brought within the period of three (3) years from the time of occurence of the incident, shall bring the action within three (3) years from the removal of the disability. And again in R.I.G.L. 9-1-19 Disability postponing running of statuted If any person at the time any such cause of action shall accrue to him or her shall be under the age of eighteen (18) years, or of unsound mind or imprisoned,,, , the person may bring the cause of action within the time limited

under this chapter After the impediment is Removed."

The plaintiff submitts that under the three year statute of Limitation the time is tolled to three years After Release from prison. In any case the plaintiff has complied within the Allotted time period.

In Addition the plaintiff cites R.I.G.L 9-1-17 which allots (20) twenty years for Actions ",,, and actions on judgments or decrees of any court of Record of the UNITED STATES, or of Any State".

The Rhode Island Supreme Courts Advisement of its decision was on 2-23-2005. Therefore the plaintiff has twenty years to file pursuant to R.I.G.L. 9-1-17 or even within the three year filing the plaintiff has filed within time.

The plaintiff would Also cite Rhode Island Rules of civil procedure Rule (56) in which SATURDAYS, Sundays, And holidays do not count As for purposes of filing legal documents with the COURT.

In which case the defendants motion is without merit And should be denied.

Wherefore the plaintiff Respectfully Requests this Honorable COURT to deny the defendants MOTION TO DISMISS civil Action AGAINST A.T. WALL for all of the aforementioned Reasons cited in this Memorandum.

Respectfully submitted,

DATED 4-17-2008 Edson Zoro Pro-se.

Verification.

I Edson Toro do hereby verify that I under the penalty of perjury mailed this MOTION out on 4-17-2008 by prison personel and that the aforegoing statements are true and correct to the best of my ability.

Edson Zoro Pro-se

Certification

I Edson Toro do hereby certify that I mailed a True copy of this Supplemental objection to Michael B. Grant Attorney for A.T WAll defendant at 40 Howard Ave CRANSTON, R.I 02920 ON 4-17-2008

Edson Toro