UNITED STATES DISTRICT COURT
FOR DISTRICT of RHODE ISLAND

EDSON TORO

vs CA NO 08-064 S

STATE of Rhode ISlAND, etal

PLAINTIFFS Objection To Defendant Attorney Generals MOTION TO DISMISS.

Now comes the plaintiff EDSON TORO Pro-se and objects to STATE of Rhode ISlAND, Attorney Generals MOTION to DISMISS pursuant to Rule of the Federal Rules of civil procedure and states as follows;

1) STATUTE of Limitations - Time Barred

The defendant the State of Rhode Island etal through its Attorney General seeks to have this suit dismissed for a time barred action. However the plaintiff submitts that this is Not the case. The plaintiff avails himself of the special mail box Rule for Pro-se litigants who are incarcerated. CASANOVA v. Dubois C.A1 MASS 2002. Mailbox rule governs determination of when prisoners §1983 filing has been completed and so long as a prisoner complies with prison procedures for sending legal mail, the filing date for purposes of assesing compliance with the Statute of limitations will be on the date on which prisoner commits the mail to the custody of prison authorities.

The plaintiff had filed said suit on February 4, 2008, in the prison mail box handing it over to prison Authorities for mailing. The mailbox is not a public mail box of the U.S. Postal Service and is only controlled and maintained by prison personel. The mailing of all mail at the D.O.C/A.C.I is handled by prison officials.

The plaintiff therefore avails himself of the special pro-se Rule for litigants who file legal papers by mail. The U.S. Supreme Court in Houston v. Lack 487 U.S. 266, 273, 76, 108 Sct 2379 (1988) held that a pro-se prisoner's notice of appeal is deemed filed on the day it is delivered for mailing to prison Authorities, rather than applying the usual Rule that it is filed the day it arrives in court. The Supreme Court reasoned that the litigant loses control over the notice as soon as he turns it over to prison personel. The lower court have generally applied this Rule to other litigation deadlines as well; in Garvey v. Vaughn 993 F.2d 776, 782-83 (11th cir 1993) civil Rights and Federal Tort Claims Act complaints.

The plaintiff has submitted an exhibit of Inmate account Money Transfer slip dated 2-4-2008 and signed by Deputy Warden Donna Collins, Recieved by Inmate Accounts

For processing on 2-19-2008.

The plaintiff has shown good cause in that he complied with special pro-se litigant Rule and that the delay was through no fault of his own. For purposes of the Rule the civil action was filed in time, thus there is no bar pursuant to said statute of Limitations cited by the defendant A. T. wall.

In addition the plaintiff objects to the statute cited 9-1-14 of R.I.G.L personal Injury which doesn't necessarily apply to the plaintiff and there is a special exception for one who is under a disability such as the plaintiff. pursuant to 9-1-14.3 Limitation on Legal Malpractice Actions (1) One who is under disability by reason of age, mental incompetence, or otherwise, and on whose behalf no action is brought within the period of three (3) years from the time of occurence of the incident, shall bring the Action within three (3) years from the Removal of the disability. And again in R.I.G.L. 9-1-19 Disability postponing Running of statuted If any person at the time any such cause of action shall accrue to him or her shall be under the age of eighteen (18) years, or of unsound mind or imprisoned,,, , the person may bring the cause of action within the time limited

under this Chapter After the impediment is Removed."

The plaintiff submitts that under the three year statute of Limitation the time is tolled to three years after Release from prison. In any case the plaintiff has complied within the Allotted time period.

In addition the plaintiff cites R.I.G.L 9-1-17 which allots (20) twenty years for Actions ",,, and actions on judgments or decrees of any court of Record of the UNITED STATES, or of any State".

The Rhode Island Supreme Courts Advisement of its decision was on 2-23-2005. Therefore the plaintiff has twenty years to file pursuant to R.I.G.L. 9-1-17 or even within the three year filing the plaintiff has filed within time.

The plaintiff would also cite Rhode Island Rules of civil procedure Rule (56) in which SATURDAYS, Sundays, And holidays do not count as for purposes of filing legal documents with the COURT.

In which case the defendants motion is without merit and should be denied.

Wherefore the plaintiff Respectfully Requests this Honorable COURT to deny the defendants MOTION TO DISMISS civil Action Against A.T. WALL for all of the aforementioned Reasons cited in this memorandum.

Respectfully submitted,
DATED 4-17-2008 Edson Toro Pro-se

Verification.

I Edson Toro do hereby verify that I under the penalty of perjury mailed this MOTION out on 4-17-2008 by prison personel and that the aforegoing statements are true and correct to the best of my ability.

Edson Toro Pro-se

Certification

I Edson Toro do hereby certify that I mailed a True copy of this Supplemental objection to Michael B. Grant Attorney for A. T WALL defendant at 40 Howard Ave CRANSTON, R.I 02920 ON 4-17-2008

Edson Toro

In addition the Law applicable was based on an exemption for those imprisoned. That is the events giving rise to the instant action, occurred while this is ruling law therefor the plaintiff avers that he has made a showing that the statute of limitations doesn't apply to him. Cf McManus v. Ashbelt. Wall 29 Fed. appx 618.

"Judicial Notice"

The plaintiff would here assert that the attorney General's argument is very misleading. and misrepresents the facts in his argument. Plaintiff Toro submits exhibit 2 DATA SHEET for CA NO P2-93-0837A which has a Retroactive date of 4-16-1993 and expiration date of July 11, 2001.) The Reason for the 4-16-1993 to August 5, 1993 credited for time incarcerated is because plaintiff Toro was by matter of Law entitled to be credited with time incarcerated pursuant to this charge CA NO P2-93-0837A while at the Rhode Island training school.

In addition a bail violation started from August 5, 1993 to October 30, 1993 90 days was not a criminal conviction. In addition said arrest or charge for possession of cocaine was in violation of the 4th amendment of the United States constitution. Never the less CA NO P2-93-0305A Assault with intent specific felony 3 years and P2-93-3078A possession of cocaine 3 years run concurrent with each other but

RAN CONSECUTIVE to P2-93-0837A. That is After July 11, 2001 the 3 years began to Run And was completed in the year 2004. So prior to Sept 19, 1995 the plaintiff was in fact held unconstitutionally pursuant to a wrongful conviction on CA No P2-93-0837A. And this fact supercedes the Retroactive attempt to nullify the time the plaintiff was held wrongfully in prison. Had it not been for said wrongful conviction the plaintiff would have never been in the Adult Correctional Institution in the first place. Plaintiff was a juvenile who should have never been transferred to an Adult prison pursuant to a wrongful conviction. Charges cited P2-97-1639A and P2-97-3049A are after the fact and it is a violation of the ex post facto clause Article 1 section 10 of the UNITED STATES Constitution to use these matters Retroactively to the detriment of the plaintiff in an attempt nullify his suit. cf Lynce v. Mathis 117 S.Ct 891 (1997)

Judicial Immunity

The Attorney Generals motion cites the Judicial immunity of of the Superior Court and that it cannot be sued. However the Superior Court was sued in Mello v. Superior Court

However the Rhode Island General Laws 9-1-31.1(b)(1) and (3) waives any immunity in addition any immunity of government officials must be viewed in light of Harlow v. Fitzgerald 457 US 800 which does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. It is absolutely a fact that a person defendant has a right to self-defense via common law, Gods Law & Natures Laws self-preservation. In Laird v. Chrysler Corp 460 A2d 425 (RI 1983) "manifest by overwhelming implication a legislative intent to place the state in the same position as any other private litigant and thus amendable to suit in either state or federal court.

If the court is of the mind to preclude monetary damages against the defendant Superior COURT, however damages can be afforded by compensation of meritorious days.

STATE is Liable

The INcorporated state of Rhode Island is liable in that any immunity is waived by 9-31-1 R.I.G.L.

Rosen v. Chang 758 F Supp (D.RI 1991) AND in Pride Chrysler Plymouth INC v. Rhode Island Motor Vehicles Dealers License Commn. 721 F Supp 17 (D.RI 1989)

The incorporated State of Rhode Island and Providence Plantations is a person which can be sued.

Toro was held unconstitutionally

CA NO P2-93-0837 was 10 years to serve Retro to 4-16-1993 → 7-11-2001. The 3 years to serve was consecutive to this starting in 7-31-2001 to 2004 for completion. The Attorney General misleads this court on this issue and it is a fact that the Superior Court has ruled it to be unconstitutional by vacating the sentence and judgment.

Therefore Toro does have an issue of illegal incarceration. Even if time is to be deducted from state charges filed since 9-19-1995.

Wherefore Toro prays this Honorable court to deny States motion to dismiss.

Dated 5-27-2008

Respectfully,
Edson Toro

Mailed on 5-27-08 put into A.C.I. mailbox

Verification

I Edson Toro do hereby verify that the aforegoing is true & correct to the best of my ability under oath and penalty of perjury. Edson Toro

Certification

I Edson Toro hereby certify I mailed a copy of within by U-S mail postage paid to Thomas Palumbo 150 South Main St Prov, RI on 5-27-2008

Edson Toro