**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**EDSON TORO,**
**Plaintiff,**

**v.** **C.A. No. 08-064 S**

**STATE OF RHODE ISLAND, ET AL.**
**Defendants.**

**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF TORO'S OPPOSITION TO MOTION TO DISMISS**

**INTRODUCTION**

Defendant, State of Rhode Island, Superior Court, respectfully submits this Response to the Plaintiff, Edson Toro's, Objection to Defendant's Motion to Dismiss ("Toro's Memo."). For the reasons set forth herein, and in the Superior Court's Memorandum in Support of Motion to Dismiss (Memo. Supp. MTD), Defendant's Motion to Dismiss should be granted.

**ARGUMENT IN RESPONSE**

The Superior Court sets forth the following responsive points:

1. Clearly, the statute of limitations applicable to this civil action is the three (3) year personal injury statute. (See Memo. Supp. MTD at 6.) Contrary to Toro's assertion (Toro's Memo. at 3) R.I. Gen. Laws 9-1-19 does not postpone the running of the statute of limitations where one is "imprisoned." The phrase - "or imprisoned" - was amended out of the statute in 2001. (See P.L. 2001, ch. 237 and P.L. 2001, ch. 407.) Toro asserts that he filed this suit within three (3) years of the R.I. Supreme Court's February 23, 2005 ruling. (Toro's Memo. at 3.) However, from the plain language of Toro's Complaint: "On or about April 29, 2003 the Honorable Chief Presiding Judge Rodgers of the Superior Court Judge Rodgers entered a judgment ordering the judgment and conviction

on C.A. No. P2-93-0837A be vacated after the Attorney General conceded a violation of the constitution." Cpt., SOF, Para. 5. Thus, the statute of limitations began to run in April 2003. This 2008 suit was filed years too late.

2. Regardless of the applicable statute of limitations and the controlling date, the justices of the Superior Court have absolute immunity for their judicial acts. (See Memo. Supp. MTD, p. 6-7.) Moreover, contrary to Toro's argument (Toro's Memo. at 3), R.I. Gen. Laws 9-1-31.1 – "Members of public bodies – Exemption from liability" has nothing whatsoever to do with the justices of a criminal court. Finally, counsel is unfamiliar with the uncited case mentioned by Toro, Mello v. Superior Court (Toro Memo. at 6), and would welcome the opportunity to distinguish it.

3. Toro urges "his possession of cocaine [charge] was in violation of the 4th Amendment to the United States Constitution." (Toro Memo. at 5.) How could this possibly be, he pled to the charge! (See Memo. Supp. MTD at 4-5 and Exhibit C.)

4. Toro submits that he was "unconstitutionally held pursuant to a wrongful conviction on P2-93-0837A." (Toro Memo. at 6.) This is plainly untrue, because at the same time, Toro was constitutionally held on two (2) other charges, P2-93-0378A - Possession of Cocaine and P2-93-0305A - Assault with Intent to Commit Robbery. (See Memo. Supp. MTD at 5 and Exhibits C and E.)

5. Toro claims that, as "a juvenile, [he] should never have been transferred to an adult prison pursuant to a wrongful conviction." (Toro Memo. at 6.) However, Toro was also "waived" to Superior Court on P2-93-0305A - Assault with Intent to Commit Robbery - and received a three (3) year sentence on that charge. (See Memo. Supp. MTD at 5 and

Exhibit E.) Moreover, Toro never appealed, to the R.I. Supreme Court, his "waiver" from Family Court to Superior Court.

6. Finally, in lieu of monetary damages, Toro's raises the possibility of "meritorious days;" i.e., release him from prison. (Toro Memo. at 7.) This is simply not an option for the Honorable Court in this Section 1983 action.

**CONCLUSION**

For the reasons set forth herein, Defendant, State of Rhode Island, Superior Court, respectfully request that the Honorable Court grant this Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Court Rules of Civil Procedure.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Thomas A. Palombo

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

**CERTIFICATION**

I hereby certify that I mailed a true copy of this Memorandum of Law in Support of Motion to Dismiss by First Class U.S. Mail, postage prepaid, on this 5th day of June, 2008, to **Edson Toro, *pro se***, Department of Corrections, High Security Center, P.O. Box 8200, Cranston, RI 02920.

/s/ Thomas A. Palombo