**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EDSON TORO**

**v.** **C.A. NO. 08-064 S**

**STATE OF RHODE ISLAND ET AL.**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge.

Plaintiff, Edson Toro, *pro se*, filed a complaint with the Court under 42 U.S.C. § 1983 ("§ 1983") naming as defendants the State of Rhode Island; Rhode Island Supreme/Superior Court (together, the "State Courts")[1]; Ashbel T. Wall ("Wall") in his official capacity as the Director of the Rhode Island Department of Corrections; and John and Jane Doe (Docket # 1). He alleges that these defendants violated his Constitutional rights by falsely imprisoning him on a wrongful conviction that was later overturned. Plaintiff is currently incarcerated at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island on convictions unrelated to the instant matter.

Presently before the Court are separate motions filed by the "State of Rhode Island, Superior Court"[2] and Wall to dismiss

---

[1]Plaintiff names "Supreme Court/Superior Court" as a defendant in the caption of his Complaint, but, in listing the parties in the body of his Complaint, refers only to the Superior Court. Construing plaintiff's complaint liberally, I will treat plaintiff's claims as against both the Supreme and Superior Courts.

[2]Although the State of Rhode Island moves on behalf of defendant "State of Rhode Island, Superior Court," I assume the State's motion to dismiss is on behalf of itself, the Superior Court and the Supreme Court as distinct defendants.

the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules")(Dockets # 10 and 5, respectively). Plaintiff has objected to these motions (Dockets # 12 and 8, respectively).

This matter has been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation. For the reasons stated below, I recommend that the motions to dismiss be GRANTED and plaintiff's complaint be DISMISSED.

**BACKGROUND**

According to plaintiff's Complaint, the relevant facts of this matter are as follows. In July 1994, plaintiff was tried in Rhode Island Superior Court before Judge John Sheehan for assault with the intent to commit murder (Case No. P2-93-0837A). At trial, Judge Sheehan refused to instruct the jury on the plaintiff's affirmative defense of self-defense; gave the jury a directed verdict of guilty; and subsequently sentenced plaintiff to fifteen years, ten to serve and five suspended with probation. Plaintiff appealed this conviction and sentence, but the Rhode Island Supreme Court upheld the Superior Court decision. *State v. Toro*, 684 A.2d 1147 (R.I. 1996).

Plaintiff filed an application for post-conviction relief in Rhode Island Superior Court, and on or about April 29, 2003,

the Superior Court vacated the judgment and conviction on C.A.No. P2-93-0837A. This judgment was affirmed by the Rhode Island Supreme Court on or about February 9, 2005.[3]

On or about February 9, 2008,[4] Plaintiff filed the instant matter alleging that the defendants illegally incarcerated him from April 16, 1993 through July 31, 2001 as a result of a wrongful conviction in violation of the Fifth Amendment Due Process Clause, the Eighth Amendment prohibition of cruel and unusual punishment and the Fourteenth Amendment Due Process and Equal Protection Clauses. Plaintiff seeks $386,000 in compensatory damages and $1,246,000 in punitive damages.

Both the State of Rhode Island and Wall have moved to dismiss the complaint for failure to state a claim upon which relief may be granted. The State of Rhode Island urges that it and the Superior Court are not "persons" amenable to suit for damages under § 1983, the Superior Court is immune from liability and that plaintiff did not suffer any unconstitutional incarceration. Wall urges that he cannot be held vicariously liable under § 1983. Both defendants also urge that plaintiff's action is barred by the Statute of Limitations.

---

[3]In his objections to the motions to dismiss, plaintiff states that the Supreme Court decided in his favor on February 23, 2005, not February 9, 2005. Dockets # 8, 11 & 12.

[4]In his objections to the motions to dismiss, plaintiff alleges that he delivered his Complaint to be mailed to the Court on February 4, 2008. Dockets # 8, 11 & 12.

## DISCUSSION

### I. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, a court must "accept the well pleaded factual averments of the ... complaint as true, and construe these facts in the light most favorable to the [plaintiff]." *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987). To state a claim for relief, a pleading must contain a "statement of claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The pleader must provide facts that are more than mere labels and conclusions to demonstrate plausible grounds for his entitlement to relief and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct 1955, 1964-65 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

### II. 42 U.S.C. § 1983 Cause of Action

Plaintiff has brought this action under 42 U.S.C. § 1983. Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689 (1979) (constitutional deprivations); *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502

(1980) (statutory deprivations). In order to maintain a § 1983 action, the conduct complained of must be committed by a "person" acting under color of state law and the conduct must have deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980).

**III. Defendant State of Rhode Island: Not A "Person" Under § 1983**

In the body of his Complaint, plaintiff lists the State of Rhode Island as a defendant, claiming simply that it "had a duty to protect Plaintiff ... from having his rights violated." However, the Supreme Court has determined that a state is not amenable to suit under § 1983 for money damages because a state is not a "person" as that term is used in statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Accordingly, to the extent that the State of Rhode Island is a distinct defendant, plaintiff fails to make any claims against it for which relief may be granted. I recommend that the State of Rhode Island's motion to dismiss be GRANTED and plaintiff's claims against the State of Rhode Island be DISMISSED.

**IV. Defendant State Courts: Not "Persons" under § 1983 and Judicial Immunity**

Plaintiff claims that the State Courts violated his Constitutional rights through their role in his incarceration

for a conviction that was later overturned. However, plaintiff's claims against the State Courts fail because, like the State of Rhode Island, state courts, as agencies of the state, are not "persons" who may be sued for damages under § 1983. *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) (state agency, as an arm of the state, may not be sued for damages in § 1983 action); *Marcello v. Maine*, 468 F.Supp.2d 221, 225 (D.Me. 2007)(state courts are not "persons" under § 1983).

Additionally, judicial immunity shields the State Courts from the claims here. It is well established that a judge enjoys absolute immunity from suits for money damages when he is acting in his official capacity as a judicial officer as long as the judge (i) is acting in a judicial rather than administrative capacity, *see Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538 (1988), and (ii) is not acting in "clear absence of all jurisdiction", *see Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)). For the purposes of judicial immunity, courts and judges have been treated as synonymous. *See, e.g., Radion v. New Hampshire Supreme Court*, 2003 WL 23104191 (1st Cir. 2003); *Sibley v. United States Supreme Court*, 136 Fed.Appx. 252 (11th Cir. 2005); *Beck v. Plymouth Co. Superior Court*, 511 F.Supp.2d 203 (D.Mass. 2007).

Here, plaintiff claims that Judge Sheehan's decisions to deny the affirmative defense of self-defense and order a directed verdict, and the Supreme Court Justices' initial failure to reverse his conviction based on Judge Sheehan's actions, violated his constitutional rights. However, these actions by Judge Sheehan and the Supreme Court Justices were taken in the course of trial as an exercise of their official judicial authority. The judges' decisions were neither administrative nor in "clear absence of all jurisdiction." *See Stump*, 435 U.S. at 356-57. Therefore, judicial immunity protects Judge Sheehan, the Superior Court and the Supreme Court from suit in this case.

Accordingly, I recommend that the State of Rhode Island's motion on behalf of the State Courts be GRANTED and plaintiff's claims against the State Courts be DISMISSED.

**V. Defendant Wall: No Supervisory Liability**

Plaintiff names Wall as a defendant, claiming that "in his position as Director of the Rhode Island Department of Corrections, ... [he] had a duty to protect the plaintiff ... [and] to make sure illegally incarcerated persons are not in his custody." (Docket #1 at 2). However, plaintiff fails to support his contention that Wall had such a duty to insure that persons incarcerated illegally were not in his custody. *Cf. Francis v.*

*Lyman*, 216 F.2d 583 (1st Cir. 1954) (in dismissing suit for unconstitutional incarceration brought under an analogue of § 1983 against wardens who had incarcerated plaintiff pursuant to a judicial warrant valid on its face, the First Circuit emphasized that the wardens did not have the lawful power to refuse to confine the plaintiff nor could they be viewed as having caused the unconstitutional confinement).

Further, plaintiff makes no allegations that would subject Wall, as a supervisor of the Department of Corrections, to liability under § 1983. It is well established that a supervising person or entity cannot be held vicariously liable under § 1983 on a respondeat superior theory. *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). A supervisor may be held liable for his own acts or omissions if plaintiff shows that the supervisor was deliberately indifferent and that his conduct led to the violation perpetrated by the subordinate. *Id*. Here, plaintiff alleges no facts suggesting that Wall had knowledge that plaintiff's incarceration was unconstitutional or that he acted with deliberate indifference.

As a result, plaintiff has failed to make a claim against Wall upon which relief can be granted. I recommend that Wall's motion to dismiss be GRANTED and the claims against Wall be DISMISSED.

**VI. Defendants John and Jane Doe: No Factual Allegations**

Plaintiff also names John and Jane Doe as defendants; however, he fails to suggest who these parties might be or make any allegations of injurious conduct attributable to them. Although John and Jane Doe are unable to move to dismiss the claims against them, as plaintiff is a prisoner who is proceeding *in forma pauperis,* the Court is compelled under 28 U.S.C. §§ 1915(e)(2)(regarding actions by plaintiffs proceeding *in forma pauperis*) and 1915A (regarding screening of prisoner complaints against governmental entities, officers or employees), to determine whether his Complaint has stated a claim upon which relief can be granted. While pleadings of a plaintiff proceeding *pro se* must be liberally construed, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), the plaintiff must set forth some factual basis to support his claims for relief, *see Bell Atlantic Corp.*, 127 S.Ct. at 1965. As specific allegations are completely absent against John and Jane Doe, plaintiff has failed to state a claim against them for which relief may be granted. Accordingly, I recommend the action against John and Jane Doe be DISMISSED.

**VII. Absence of Unconstitutional Incarceration and Statute of Limitations**

The State of Rhode Island also urges that at all times plaintiff was incarcerated at the ACI related to the overturned conviction about which he complains here, he would have been incarcerated at the ACI on other convictions, and thus he suffered no unconstitutional incarceration. The State urges the Court to take judicial notice of the additional convictions and sentences. Additionally, both the State and Wall urge that plaintiff's § 1983 action is barred by the applicable three-year statute of limitations. Plaintiff objects to these arguments. However, as I have determined that plaintiff's action should be dismissed on other grounds, I need not address these issues.

**CONCLUSION**

Plaintiff has failed to make any claims upon which relief may be granted. Neither the State of Rhode Island nor the State Courts are "persons" liable for damages under § 1983, while judicial immunity also protects the State Courts from liability here. Plaintiff erroneously attributes to Defendant Wall a duty to protect him against illegal incarceration here and fails to allege any facts supporting supervisory liability under § 1983 by Wall. Finally, plaintiff names John and Jane Doe as defendants without making any factual allegations against them. As a result, I recommend that the State of Rhode Island's motion

to dismiss the claims against the State and the State Courts as well as Wall's motion to dismiss the claims against him be GRANTED and plaintiff's claims against the State of Rhode Island, the State Courts and Wall be DISMISSED. I further recommend that plaintiff's claims against John and Jane Doe also be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: August 1, 2008