**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EDSON TORO**

**v.** **C.A. NO. 08-064 S**

**STATE OF RHODE ISLAND ET AL.**

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge.

Plaintiff, Edson Toro, *pro se*, filed a complaint with the Court under 42 U.S.C. § 1983 ("§ 1983") alleging that defendants violated his Constitutional rights by falsely imprisoning him on a wrongful conviction that was later overturned (Docket # 1). He names as defendants the State of Rhode Island; Rhode Island Supreme and Superior Courts (together the "State Courts"); Ashbel T. Wall in his official capacity as the Director of Corrections in the State of Rhode Island ("Wall"); and John and Jane Doe.

Presently before the Court is plaintiff's Motion to Amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Federal Rules")(Docket # 14). Specifically, plaintiff seeks to amend the complaint by changing: (i) the statute under which he is claiming liability from § 1983 to 42 U.S.C. §§ 1985 ("§ 1985") and 1986 ("§ 1986"); (ii) the date upon which the Rhode Island Supreme Court "decided in Toro's

favor" regarding the vacating of his conviction and sentence from "February 9, 2005" to "February 23, 2005"; (iii) the amount of time he spent wrongfully incarcerated; and (iv) the amount of his damages request. Defendant State of Rhode Island and the State Courts have objected (Docket # 15). For the reasons stated below, the Motion to Amend is DENIED.

**DISCUSSION**

Once an opposing party has submitted a response to a plaintiff's complaint, Federal Rule 15(a)(2) permits the plaintiff to amend his pleading "only with the opposing party's written consent or the court's leave." The court is instructed to give leave "when justice so requires." Id. Here, justice does not so require.

**I. Change in Cause of Action Would Be Futile**

Plaintiff's proposed amendment to change the cause of action would be futile because his complaint provides no allegation of fact that would support a cause of action under either § 1985 or § 1986. *See* Forman v. Davis, 371 U.S. 178, 182 (1962) (citing futility of amendment as a reason to deny a motion to amend). "A pleading that states a claim for relief must contain ... [a] statement of claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Sections 1985 and 1986 require an allegation of conspiracy to interfere with a plaintiff's civil rights. 42 U.S.C. §§ 1985 & 1986. Plaintiff

here does not allege communication or corroboration of any kind between any of the defendants; without such a showing of conspiracy, plaintiff has not shown he is entitled to relief under §§ 1985 and/or 1986.

**II. Changes to Dates and Damages Request Would Also Be Futile**

Additionally, in a Report and Recommendation filed simultaneously herewith, I have recommended that motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted filed by the State of Rhode Island, on behalf of itself and the State Courts, and by Wall be granted and plaintiff's action be dismissed. Even if all of the amendments plaintiff seeks here were made, his complaint would still fail to state a claim for which relief may be granted, and, therefore, the amendments would be futile.

**CONCLUSION**

Accordingly, as the amendments plaintiff seeks would be futile, plaintiff's Motion to Amend is hereby DENIED.

IT IS SO ORDERED.

Jacob Hagopian
Senior United States Magistrate Judge
Date: August 1, 2008